county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ.

FRANK J. BROWN, Respondent, v. HARRY L. GREENBAUM, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ.

FRANK J. BROWN, Respondent, v. HARRY L. GREENBAUM, Appellant. HARRY L. GREENBAUM, Appellant, v. FRANK J. BROWN, Respondent. (Consolidated actions.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

CLIFFORD A. BURGETT, Respondent, v. LAURETTA A. O'CONNELL, Appellant.— Judgment reversed upon the law and the facts and new trial granted, costs to appellant to abide the event. The conduct of the court in participating in the examination of witnesses to the extent that it did when both parties had competent counsel was unnecessary and was probably detrimental to defendant. The rulings of the court as to the admission and exclusion of testimony at the following folios of the record were erroneous, viz., folios 225, 306, 315, 365, 449, 458, 498, 507–513, 527–535, 604, 597, 618–625, 725–733, 748, 834–840, 707, 771–773, 843–845, 849–850, 766–769. The charge of the court, in so far as it took entirely from the jury the question as to whether plaintiff had been drinking and was intoxicated, was erroneous. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.

ROBERT BUSBY, as Committee of GEORGE BUSBY, an Incompetent Person, Respondent, v. ERIE RAILROAD COMPANY and Others, Appellants.— Order denying defendants' motion for leave to serve amended answer reversed upon the law and the facts, without costs, and motion granted, without costs, upon condition that defendants pay plaintiff the sum of $150 within three days from service of a copy of the order entered herein and proceed to trial at once. The interests of justice require that all of these defendants be permitted to have the benefit of the same defenses, but in view of the delay on the part of some of them in seeking to interpose the amended answer this permission should only be upon terms. Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

ALEXANDER COOK, Appellant, v. PASQUALE BIANCO, Respondent.— Order modified by granting plaintiff's motion to restore the case to the calendar for trial, and as so modified affirmed. The agreement, dated May 5, 1927, makes no mention of the settlement or discontinuance of the action. Any oral agreement to settle the action is not binding unless made between counsel in open court (Rules Civ. Prac. rule 4), and the record before us is not sufficient to show that this was done. This decision is without prejudice to defendant, if so advised, to move to amend his answer by alleging, as a defense, the agreement of settlement claimed. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

DANIEL D. CRONIN, Respondent, and THE CONNECTICUT COMPANY, Plaintiff, v. JOHN ANDERSON, Appellant.— Order denying appellant's motion for an order directing the respondent to submit to a physical examination reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Respondent was examined by defendant's doctor prior to the beginning of the action. No examination was had " in the action," as provided by section 306 of the Civil Practice Act. Defendant, therefore, has not waived the statutory remedy. The case of *Whitaker* v. *Staten Island M. R. R. Co.* (76 App. Div. 351) can be distinguished, because in that case the first examination